OPINION
{¶ 1} Defendant-appellant Kenneth Thompson appeals his sentence from the Fairfield County Court of Common Pleas on one count each of receiving stolen property and grand theft of a motor vehicle. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 6, 1999, the Fairfield County Grand Jury indicted appellant on one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree, one count of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree, and one count of grand theft of a motor vehicle in violation of R.C. 2913.02, a felony of the fourth degree. On December 29, 1999, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on January 13, 2000, appellant withdrew his former not guilty plea and entered a plea of guilty to one count each of receiving stolen property and grand theft of a motor vehicle. On the same date, the trial court sentenced appellant to a nine month prison sentence on both counts, to be served concurrently, and also fined appellant $250.00 on each count. In addition, appellant was ordered to make restitution to the victim. As memorialized in its January 20, 2000, Judgment Entry, the trial court suspended appellant's prison sentence and placed appellant on community control for a period of five years. The remaining count in the indictment was dismissed.
 {¶ 4} Appellee filed a Motion to Revoke appellant's community control on January 24, 2001. In its motion, appellee alleged appellant had violated the same by failing to maintain good behavior and/or obey the law because on November 16, 2000, appellant was convicted of engaging in a pattern of corrupt activity, a felony of the second degree. Appellant was convicted in Franklin County Court of Common Pleas Case No. 2000-CR-04-2659, and sentenced to five years in prison in such case. In addition, on November 16, 2000, appellant's probation was revoked in Franklin County Case No. 99-CR-08-4131. The Franklin County court, in such case, sentenced appellant to one year in prison and ordered that such sentence be served consecutive to his five year sentence in Franklin County Case No. 00-CR-04-2659.
 {¶ 5} A probable cause hearing was held on October 15, 2001. Pursuant to an entry filed on October 25, 2001, the trial court found that there was probable cause to believe that appellant had violated the terms of his community control. The trial court, in its entry, specifically found, in relevant part, as follows:
 {¶ 6} "1. The Defendant was convicted of Receiving Stolen Property and Grand Theft of a Motor Vehicle on January 13, 2000 in the Fairfield County Court of Common Pleas; 2. Upon his conviction, the Court sentenced the Defendant to concurrent sentencing of nine (9) months on each count which was suspended when the Defendant was placed on five (5) years of community control. 3. On November 16, 2000, the Defendant was convicted in Franklin County, Ohio, of one count of Engaging in a Pattern of Corrupt Activity in case number 00CR-04-2659 for which the Defendant received a sentence of five (5) years in prison. 4. On November 16, 2000, the Defendant's probation was revoked in Franklin County, Ohio, in case number 99-CR-08-4131 for which the Defendant received a sentence of one (1) year in prison, which was consecutive to case number 00-CR-04-2659. 5. The Defendant violated Term #15 of his terms of probation."
 {¶ 7} After revoking appellant's probation, the trial court ordered appellant's nine month sentence be reimposed and that the same be served consecutively to appellant's sentence in Franklin County Common Pleas Case No. 00CR-04-2659.
 {¶ 8} It is from the trial court's October 25, 2001, entry that appellant now prosecutes his appeal, raising the following assignment of error:[1]
 {¶ 9} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES."
 I {¶ 10} Appellant, in his sole assignment of error, argues that the trial court erred in sentencing appellant to consecutive sentences. We agree.
 {¶ 11} The first issue that must be addressed is whether the trial court had authority to order that appellant's nine month sentence in this matter be served consecutive to his sentence in Franklin County Case No. 00CR-04-2659. As is stated above, the trial court originally sentenced appellant to concurrent nine month sentences in this matter and then suspended imposition of the same and placed appellant on community control for a period of five years. While he was on community control, appellant was convicted of engaging in a pattern of corrupt activity in the above Franklin County Court of Common Pleas case and was sentenced to five years in prison. Thus, as appellee notes in its brief, this Court must first determine whether "[w]hen a defendant placed on community control is sentenced for a new felony in another county [Franklin], does a court have discretion to order consecutive sentences to the new felony when revoking the defendant's community control when the revocation occurred after the other county sentenced the defendant?"
 {¶ 12} R.C. 5145.01, on duration of sentences, states, in part, as follows: "[i]f a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14
and 2929.41 of the Revised Code apply." Pursuant to R.C. 2929.41(A), "[e]xcept as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(B) states, in relevant part: * * * "If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.
 {¶ 13} In turn, R.C. 2929.14(E) provides as follows:
 {¶ 14} "(E)(1) (a) Subject to division (E)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (D)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.
 {¶ 15} "(b) If a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(d) of this section for wearing or carrying body armor while committing an offense of violence that is a felony, the offender shall serve the mandatory term so imposed consecutively to any other mandatory prison term imposed under that division or under division (D)(1)(a) or (c) of this section, consecutively to and prior to any prison term imposed for the underlying felony under division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.
 {¶ 16} "(2) If an offender who is an inmate in a jail, prison, or other residential detention facility violates section 2917.02, 2917.03, 2921.34, or 2921.35
of the Revised Code, if an offender who is under detention at a detention facility commits a felony violation of section 2923.131 of the Revised Code, or if an offender who is an inmate in a jail, prison, or other residential detention facility or is under detention at a detention facility commits another felony while the offender is an escapee in violation of section 2921.34 of the Revised Code, any prison term imposed upon the offender for one of those violations shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender.
 {¶ 17} "(3) If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code or if a prison term is imposed for a felony violation of division (B) of section 2921.331
of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently
imposed upon the offender.
 {¶ 18} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 19} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 20} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 21} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.) R.C. 2929.14.
 {¶ 22} The above statutes were considered in State v. Gillman,
Franklin App. No. 01AP-662, 2001-Ohio-3968. In Gillman, the defendant argued that the trial court erred in ordering appellant to serve consecutive sentences. The defendant was originally placed on community control for a period of three years in Case A after entering a plea of guilty to one count of attempted felonious assault. While on community control in Case A, the defendant pled guilty in Case B to two counts of aggravated robbery with a firearm specification and was sentenced to 22 years in prison. Shortly thereafter, in Case A, the defendant stipulated that the offense in Case B constituted a violation of his community control in Case A. After revoking the defendant's community control, the trial court sentenced the defendant to a prison term of five years in Case A and ordered that the same be served consecutively to the prison term imposed in Case B.
 {¶ 23} The defendant, in Gillman, appealed, arguing that the trial court erred in ordering that his sentence in Case A be served consecutively to his sentence in Case B. The defendant, in his appeal, specifically argued, in part, that R.C. 2929.14(E)(4) did not allow trial courts to impose a sentence in one case consecutive to a sentence previously imposed in a separate proceeding, but rather allows consecutive sentences only when a trial court is imposing multiple prison terms arising out of the same proceeding. The Court of Appeals rejected such argument holding, in part, as follows:
 {¶ 24} "In the present case, R.C. 2929.14(E)(4) states unambiguously, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *." The plain language of subsection (4) does not require multiple prison terms for multiple offenses to be imposed in the same proceeding or to be based upon the same facts in order for any resulting sentences to be served consecutively. Although appellant relies upon various inferences, interpretations, and assumptions utilizing the language of other subsections and related statutes, such are not necessary given the clear, nonrestrictive language of subsection (4). Had the legislature desired subsection (4) to apply only to multiple sentences and offenses arising out of the same proceeding, it could have simply provided for such restrictions in plain terms."
 {¶ 25} Subsections (1), (2), and (3) [of R.C. 2929.14(E)] pertain to circumstances when there are multiple sentences and one of the sentences was for one of three specific types of conduct. Subsection (4) applies to all other situations when there exists multiple sentences. In subsections (1), (2), and (3), the legislature made it mandatory that sentences for gun specifications, crimes in a detention facility, and certain acts against a law enforcement officer be served consecutively to all other sentences imposed previously or subsequently. The legislature undoubtedly made consecutive sentences mandatory for such crimes to underscore the serious nature of those offenses. Subsection (4) then gives the trial court the discretion to determine whether sentences for multiple offenses that do not fit into subsections (1), (2), or (3) should be served consecutively. As subsections (1), (2), and (3) requiresentences to be served consecutively to other sentences imposedpreviously or subsequently when the offense was of an especially seriousnature, we read subsection (4) to give the trial court the discretion toorder a sentence to be served consecutively to any previous or subsequentsentence when the court makes the required findings indicating that theprison terms should be served consecutively. While we agree R.C.2929.14(E)(4) is not a model of clarity, we do not believe the legislature intended that the trial court would not have this type of discretion in sentencing. Id. at 2-3. (Emphasis added).[2]
 {¶ 26} The court, in Gillman, concluded that the trial court did not err in ordering the defendant's sentence in Case A to be served consecutively to his sentence in Case B.
 {¶ 27} Although we appreciate the struggle undertaken by our colleagues in Gillman, we must disagree with the Tenth District's conclusion. Although we agree with the Gillaman court's observation R.C. 2929.14(E) is not a model of clarity, we cannot find R.C.2929.14(E)(4), when viewed in light of the other statutes referenced in R.C. 2929.41, permits the action taken by the trial court in the matter sub judice.
 {¶ 28} Unlike R.C. 2929.14(E)(1), (2), or (3), R.C. 2921.14(E)(4) does not reference imposing a consecutive prison term to any other prison term previously or subsequently imposed upon the offender. We do not believe this omission was by oversight.
 {¶ 29} Unless specifically ordered to run consecutively to any previously ordered sentence, any sentence of a court rendered subsequent to the previously ordered sentence runs concurrently thereto. See R.C.2929.41. In the case sub judice, the Franklin County Court was free to order its sentence to run consecutively to any sentence which had been imposed by the Fairfield County Court, provided it followed the mandates of R.C. 2929.41.
 {¶ 30} We agree the statutory framework is tortured and unclear, at best. However, under these circumstances, we conclude the imposition of sentence by the Fairfield County Court runs afoul of at least two overarching legal theories.
 {¶ 31} First is the defendant's right to have no greater sentence than the sentence originally imposed. While we understand appellant's sentence was reimposed as a result of a probation violation, the court did not, indeed, could not indicate appellant's original sentence would be served consecutively to any other subsequent offense in the original sentencing entry. The original sentencing entry states if appellant should violate the terms of his community control sanctions he would be required to serve nine months in a state penal institution. Sentencing entry at p. 3-4.
 {¶ 32} Second, to permit a court imposing the first sentence to enhance a sentence in this manner usurps whatever statutory authority is granted to the subsequent sentencing court. We presume the Franklin County Court took appellant's previous record and status as a probationer in Fairfield County into account when fashioning a sentence for the offense appellant committed in Franklin County. In fact, R.C. Chapter 2929 specifically permits the imposition of stiffer penalties within the sentencing structure where a defendant has the greatest likelihood to re-offend, or where a new offense is committed while a defendant is on probation or community control.
 {¶ 33} Appellant's sole assignment of error is sustained. The judgment of the Fairfield County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Consistent with this opinion and law.
By Hoffman, P.J. and Wise, J. concur.
Edwards, J. dissents.
topic: consecutive sentences
[1] Pursuant to an Entry filed on February 11, 2002, this Court granted appellant's motion to file a delayed appeal.
[2] While the defendant, in Gillman, filed an appeal with the Supreme Court of Ohio, his appeal was not allowed for review. See State v.Gillman, 95 Ohio St.3d 1421, 2002-Ohio-1737, 766 N.E.2d 162.